**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARK C. JACKSON,**

                **Plaintiff,**

**-vs-**                                          **Case No.  6:05-cv-1643-Orl-19KRS**

**UNITED STATES OF AMERICA,**
**REHABILITATION ADVISORS, GARFIELD**
**ROSENGREN, EMBRY RIDDLE**
**AERONAUTICAL UNIVERSITY, INC.,**
**VOLUSIA COUNTY TRAFFIC COURT,**
**DEPARTMENT OF HIGHWAY SAFETY AND**
**MOTOR VEHICLES, MICHAEL O'DELL,**
**UNITED STATES COAST GUARD, and**
**JOHN DOE,**

                **Defendants.**

_____/

## ORDER

This case comes before the Court on the following:

1.     Motion for Joinder Of Claims And Notice Of Removal of Plaintiff Mark C. Jackson (Doc. No. 131, filed October 2, 2006);

2.     Motion To Remand of State Court Plaintiff Lexford GP II, LLC (Doc. No. 132, filed October 7, 2006); and

3.     Motion In Opposition To State Court Plaintiff's Motion To Remand And Motion To Stay Eviction of Plaintiff (Doc. No. 134, filed October 12, 2006).

### Background

Plaintiff Mark C. Jackson seeks to remove a state court eviction lawsuit from the County Court of the Eighth Judicial Circuit in and for Alachua County, Florida in which he is a Defendant to federal court and to join such lawsuit with a federal lawsuit now pending

before this Court. (Doc. No. 131). In the pending federal proceeding, Jackson is Plaintiff and alleges, *inter alia*, that various governmental officers conspired to keep him unemployed and indigent. (Doc. No. 76, ¶ 11). The Plaintiff in the state court lawsuit, Lexford GP II, LLC ("Lexford"),[1] is not among the Defendants sued by Jackson in his federal lawsuit (*see id.*), but Jackson asserts that he would have been able to pay the past due rent to Lexford had the governmental actors engaged in the alleged conspiracy processed and presumably paid the various claims to which Jackson alleges he is entitled. (Doc. No. 131, ¶ 2).

Lexford seeks remand of the state court eviction action back to Alachua County Court because the state court action is not one over which the Court would have original jurisdiction. (Doc. No. 132, ¶¶ 6-9). In addition, Lexford argues that any connection the state court proceeding may have with the pending federal proceeding is attenuated at best and is not sufficient to warrant removal. (*Id.*, ¶¶ 10-11). Lexford also seeks attorneys' fees and costs. (*Id.*, ¶ 12).

In response, Jackson evokes this Court's "equitable jurisdiction" to "attach the state court" lawsuit. (Doc. No. 134, ¶ 1). In addition, Jackson reiterates his argument that he would have been able to pay the past due rent had the governmental officers in the federal lawsuit not conspired to keep him unemployed and indigent. (Doc. No. 134, ¶ 2).

---

[1] The Complaint filed with the state court is attached to Jackson's notice of removal and is styled "Lexford GP II, LLC, a Limited Liability Corporation as General Partner of Old Archer Court Apartments, Ltd., a Florida Limited Partnership vs. Mark Jackson, Case No. 01-06-cc-4834." Thus, it appears from the face of the Complaint that the Plaintiff in the state court lawsuit is Old Archer Court Apartments, Ltd., a Florida Limited Partnership acting through its general partner, Lexford GP II, LLC. The Court will simply refer to the state court plaintiff as Lexford for ease of reference.

**Applicable Standards**

Federal removal statutes must be narrowly construed by the Court. *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998). Indeed, the Court "must remand to state court any case that was removed improvidently or without necessary jurisdiction." *Campos v. Sociedad Aeronautica de Medellin Consolidada, S.A.*, 882 F. Supp. 1056, 1057 (S.D. Fla. 1994). "Where there is any doubt concerning jurisdiction of federal court on removal, the case should be remanded." *Id.*

Likewise, the federal statutes conferring removal jurisdiction should be strictly construed by the Court. *Owen Equip. and Erection Co. v. Kroger*, 437 U.S. 365 (1978). In the case of removal, such statutes are strictly construed because: (1) the exercise of removal is in derogation of state sovereignty; (2) jurisdictional allegations for removal are extremely simple to draft; (3) a liberal construction would promote uncertainty as to a court's jurisdiction in marginal cases; and (4) Title 28 U.S.C. § 1446(b) is a statute of repose designed not to unduly delay trials. *Hill v. Gen. Motors Corp.*, 654 F. Supp. 61 (S.D. Fla. 1987).

**Analysis**

Title 28 U.S.C. § 1441 provides for the removal of lawsuits from state court to federal district court. It provides in part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have <u>original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have <u>original jurisdiction</u> <u>founded on a claim or right arising under the Constitution, treaties or laws of</u> <u>the United States</u> shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. §§ 1441(a), 1441(b) (emphasis added). Simply put, Jackson fails to satisfy his burden of establishing the original jurisdiction of the Court.

Federal jurisdiction can be based on either: (1) a federal question or (2) diversity of citizenship and an amount in controversy exceeding $75,000.00.[2] *See* 28 U.S.C. § 1331; 28 U.S.C. § 1332. A federal court determines whether jurisdiction exists by analyzing the allegations in the Complaint filed in state court. *See Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 805 (1986). However, the burden of establishing federal jurisdiction falls on the party attempting to remove a case from state court. *See Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961).

***Federal Question Jurisdiction.*** "The presence or absence of federal question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when [a] federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). In

---

[2] Jackson cannot rely on the "equitable jurisdiction" of this court, which concerns "whether consistently with the principles governing equitable relief the court may exercise its remedial powers." *Schlesinger v. Councilman*, 420 U.S. 738, 754 (1975) (stating that considerations of comity preclude equitable intervention into pending state court proceedings). Furthermore, Jackson cannot invoke the federal supplemental jurisdiction statute to bootstrap an otherwise unremovable lawsuit onto an existing federal court proceeding. *See McClelland v. Longhitano*, 140 F. Supp. 2d 201 (N.D.N.Y. 2001); *Chase v. Auerbach*, 1994 W.L. 590588 (E.D. Pa. 1994) (holding that it is improper to remove a state court action and attempt to consolidate such action with a pending federal proceeding by invoking a federal court's supplemental jurisdiction).

analyzing the state court Complaint, the Court must "determine whether a federal claim is 'necessarily presented by [the] plaintiff, even if [the] plaintiff has couched his pleadings exclusively in terms of state law.' " *Dean Witter Reynolds, Inc. v. Schwartz*, 550 F. Supp. 1312, 1313 (S.D. Fla. 1982) (quoting *Schultz v. Coral Gables Fed. Sav. & Loan Ass'n*, 505 F. Supp. 1003, 1008 (S.D. Fla. 1981)).

Here, a two-count Complaint was filed in state court. (Doc. No. 131, pp. 13-14). Count I of the Complaint seeks to evict Jackson from his rental property pursuant to Section 51.011 and Section 83.59 of the Florida Statutes. (*Id.* at 13). In Count II, Lexford seeks damages for past due rent, late charges and other charges under the terms of a rental agreement. (*Id.*). Neither of these claims concerns the protection of a right under the U.S. Constitution or the operation of a federal statue, and both claims arise solely from state law. *See Vill. of Port Chester v. Port Chester Yacht Club, Inc.*, 598 F. Supp. 663, 665 (S.D.N.Y 1984) (holding no federal question is raised on the face of a state court complaint seeking to evict the Port Chester Yacht Club pursuant to New York state law).

Therefore, Jackson has failed to show that the claims of the state court Complaint fall within the federal question jurisdiction of the Court.

***Subject Matter Jurisdiction based on Diversity of Citizenship.*** Diversity jurisdiction requires every plaintiff to be diverse from every defendant. *See Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996). A lack of complete diversity precludes removal of a case to federal court. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1286 (11th Cir. 1998). Once it is established that all parties are diverse from one another, it must be established that the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. The removing party must make "an affirmative showing . . . of all

the requisite factors of diversity jurisdiction, including amount in controversy, at the time removal is attempted." *Gaitor*, 287 F.2d at 255. Furthermore, for the purpose of establishing the amount in controversy, "the sum claimed by the [state court] plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938); *see also Gaitor*, 287 F.2d at 254.

First, Jackson has not satisfied his burden of establishing the citizenship of the parties. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Where subject matter jurisdiction is properly challenged, the Plaintiff bears the burden of proof. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.*, 374 F.3d 1020,1022 (11th Cir. 2004) (quoting *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975)). The Notice of Removal does not contain any allegations of the citizenship of the parties, and Jackson has failed rebut Lexford's argument that diversity jurisdiction is improper.

Secondly, Jackson does not allege that the amount in controversy requirement has been satisfied. Indeed, the Complaint filed in state court indicates on its face that the amount in controversy is substantially below $75,000.00. It states (1) that Lexford is seeking damages amounting to less than $15,000.00 exclusive of interest, costs and attorneys' fees and (2) that Jackson owes Lexford a sum of $864.62 for past due rent, late charges and charges due under the terms of a rental agreement. (Doc. No. 131, p. 13).

For both of these reasons, Jackson has failed to demonstrate the Court's diversity jurisdiction.

***The Removal Statute's Venue Requirement.*** Jackson also ignored the venue requirement of Section 1441, which requires removal to the district and division embracing

the place where the state court lawsuit is pending. *See* 28 U.S.C. § 1441(a). Pursuant to

the statute, a state court proceeding filed in Alachua County would be removed to the

United States District Court for the Northern District of Florida, not to this Court.  Although

Lexford had the right to rely upon the statute and to insist that removal be taken from the

state court to the proper federal court, it may waive application of the removal statute's

venue requirement. See *Peterson v. BMI Refractories*, 124 F.3d 1386, 1392 (11th Cir.

1997) (concluding that failure to comply with the venue requirement of Section 1441(a) is

a procedural defect that may be waived by a litigant);*see also* 28 U.S.C. § 1406 ("Nothing

in this chapter shall impair the jurisdiction of a district court of any matter involving a party

who does not interpose a timely and sufficient objection to the venue."). In fact, a litigant

must raise any defect in the venue requirement of Section 1441(a) within 30 days after the

filing of the notice of removal under section 1446(a). *See* 28 U.S.C. § 1447(c) ("A motion

to remand the case on the basis of any defect other than lack of subject matter jurisdiction

must be made within 30 days after the filing of the notice of removal under section

1446(a)."). This time period expires today, November 1, 2006.

> ***Lexford's Motion for Attorneys' Fees and Costs.*** Lexford's Motion for Attorneys'

Fees is governed by 28 U.S.C. § 1447(c), which provides:

> A motion to remand the case on the basis of any defect in removal procedure
> must be made within 30 days after the filing of the notice of removal under
> section 1446(a). If at any time before final judgment it appears that the district
> court lacks subject matter jurisdiction, the case shall be remanded. An order
> remanding the case may require payment of just costs and any actual
> expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C. § 1447(c) (emphasis added).

A court may award attorneys' fees for a remand "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, ---, 126 S. Ct. 704, 711 (2005). When it applies this test, the Court "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the <u>statutory criteria are satisfied</u>." *Id.* (emphasis added). Likewise, a state court plaintiff's "failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees." *Id.*

In this case, Jackson's Notice of Removal of the state court eviction lawsuit was clearly improvident and without foundation. The Complaint filed in state court does not state a claim within the Court's federal question jurisdiction, and Jackson failed to make an affirmative showing of all the requisite factors of diversity jurisdiction. Further, Jackson failed to disclose the facts necessary to determine the court's diversity jurisdiction. There is simply no indication on this record to suggest that the state court lawsuit ever satisfied the statutory criteria for removal. Therefore, the Court finds that there was no objectively reasonable basis for seeking removal of the state court eviction proceedings.

Because of Jackson's improvident removal, Lexford has been unable to go forward with the state court eviction proceeding. In Florida, such proceedings are specifically permitted to be heard in an expedited manner by the state court, and Lexford sought such review in its state court pleading. *See* FLA. STAT. § 51.011 (setting expedited response times and requiring state courts to advance summary proceedings on their calendars); *id.* § 83.59(2); (*See* Doc. No. 131, p. 13). Removal of this case has delayed the resolution of

the eviction proceeding beyond the expedited procedure permitted under state law. Thus, the Court concludes that removal has prolonged the litigation and imposed additional costs upon Lexford.

Under the circumstances of this case, the award of attorneys' fees and costs is warranted.[3]

## Conclusion

Based on the foregoing, the Court **GRANTS** the Motion To Remand (Doc. No. 132) of state court Plaintiff Lexford GP II, LLC and **GRANTS** Lexford's request for an award of reasonable attorneys' fees and costs. Lexford shall file within ten (10) days from the date of this Order a memorandum with supporting affidavit(s) detailing its attorneys' fees and costs incurred in responding to the Notice of Removal. Plaintiff Mark C. Jackson may file with the Court a memorandum in opposition within ten (10) days after the date of filing of Lexford's memorandum. The Court **DENIES AS MOOT** the Motion for Joinder (Doc. No. 131) of federal Plaintiff Mark C. Jackson. The Clerk of Court shall remand the Complaint of state court Plaintiff Lexford GP II, LLC to the Eighth Judicial Circuit in and for Alachua County, Florida.

**DONE** and **ORDERED** in Chambers in

Orlando, Florida on November 1    , 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] After remand of this case to the state court, this Court retains jurisdiction to resolve Lexford's motion for attorney fees and costs under Section 1447(c). *Bryant v. Britt*, 420 F.3d 161, 164 (2d Cir. 2005).

Copies furnished to:

Counsel of Record
Unrepresented Party