**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARK C. JACKSON,**
          **Plaintiff,**

**-vs-**                         **Case No. 6:05-cv-1643-Orl-19KRS**

**JERALD GRIMES, et al.,**
          **Defendants,**
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the application to proceed without prepayment of fees filed by Plaintiff Mark C. Jackson. Doc. No. 142. Because Jackson previously was permitted to proceed without prepayment of fees, doc. no. 34, and because he filed four notices of appeal in this case, doc. nos. 107, 121, 128, 159, I construe the application as one to proceed *in forma pauperis* on appeal.

The Notice of Appeal filed September 14, 2006, doc. no. 121, appeals the Court's order of August 21, 2006, doc. no. 105. The United States Court of Appeals for the Eleventh Circuit dismissed this appeal for lack of jurisdiction. Doc. No. 158. Therefore, the motion is moot with respect to this appeal.

With respect to the other notices of appeal, Federal Rule of Appellate Procedure 24(a)(3) provides that "[a] party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless: . . . the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith

or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or . . . a statute provides otherwise." *See also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). For purposes of this rule, "'[g]ood faith' has been defined as a requirement that an appeal present a nonfrivolous question for review." *Cruz v. Hauck*, 404 U.S. 59, 62 (1971) (Douglas, J., concurring); *see also DeSantis v. United Tech. Corp.*, 15 F. Supp. 2d 1285, 1288 (M.D. Fla. 1998).

Subject to certain limited exceptions, the courts of appeals only have jurisdiction to hear final decisions of the district courts. 28 U.S.C. §§ 1291, 1292; *see also* Doc. No. 158. "[A] decision is not final, ordinarily, unless it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 204 (1999) (internal quotations omitted). Because the court of appeals will not have jurisdiction, appeals of non-final orders are not taken in good faith unless they qualify as an appealable interlocutory order under either 28 U.S.C. § 1292 or the collateral order doctrine. *See Cunningham*, 527 U.S. at 202-04.

The Notice of Appeal filed August 28, 2006, doc. no. 107, appeals the Court's order of August 14, 2006, doc. no. 93, a text-entry order that granted a motion to substitute the United States as the party defendant pursuant to the Westfall Act, 28 U.S.C. § 2679(d)(1); that denied Jackson's motion to vacate an order denying Jackson's motion for an injunction; and that denied Jackson's request that the presiding judge recuse herself. Jackson requested reconsideration of this order, doc. no. 95, which was granted, doc. no. 104. That Jackson requested, and received, reconsideration of this order shows that it is not an appealable final order.

The Notice of Appeal filed October 2, 2006, doc. no. 128, appeals the Court's order denying Jackson's motion to transfer venue of this case to the United States Court of International Trade, doc. no. 126. An order refusing to transfer a case is not a final order. *See, e.g.*, *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 769 (E.D. Tex. 2000)(collecting cases).

The Notice of Appeal filed November 6, 2006, doc. no. 159, appeals the Court's orders denying a motion for relief from judgment remanding to state court an eviction lawsuit and awarding costs, doc. nos. 146, 150. The order remanding the eviction lawsuit was based on this Court's lack of original jurisdiction. Doc. No. 150. The courts of appeals "lack[] jurisdiction to review remand orders in which the district court premises remand on either lack of subject matter jurisdiction or procedural defects in removal." *Ariail Drug Co. v. Recomm. Int'l Display, Inc.*, 122 F.3d 930, 933 (11th Cir. 1997) (citing 28 U.S.C. § 1447(d), and *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-28 (1995)). Based on this rule, the orders in question are not appealable.

Because none of the remaining notices of appeal are related to appealable final orders or are otherwise appealable, I respectfully recommend that the motion be **DENIED**, and that the Court **CERTIFY** that the appeals are not taken in good faith. The Clerk of Court should serve a copy of the Court's ruling on this Report and Recommendation on the Clerk of Court for the United State Court of Appeals for the Eleventh Circuit.

Failure to file written objections to the proposed findings and recommendations contained in

this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on November 9, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Clerk of Court, United States Court of Appeals for the Eleventh Circuit
Counsel of Record
Unrepresented Parties